IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXIS RICHARDSON,<br>    2701 Connecticut Avenue NW, Apt. 100<br>    Washington DC, 20008;<br><br>JAY SANDLER,<br>    33 W Huron Street, Apt. 511<br>    Chicago, IL 60654;<br><br>LUBNA PESHIMAM,<br>    15 Eastern Drive<br>    West Windsor, NJ 08550,<br><br>TRACEY ANN BERTRAND,<br>    11301 NW 34th Place<br>    Sunrise, FL 33323,<br><br>MOLLIE KRENGEL,<br>    3420 W 29th Street<br>    Minneapolis, MN 55416,<br><br>and<br><br>NANCIE LIGON,<br>    64 Woodworth Lane<br>    Sonoma, CA 95476,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>L'OREAL USA, INC.,<br><br>          Defendant. | Case No. 13-CV-00508-JDB |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF THE NOTICE PLAN, AND SCHEDULING A DATE FOR A FINAL FAIRNESS HEARING

1

6134936v.1

Upon consideration of Plaintiffs' motion for preliminary approval, Plaintiffs' memorandum, [the motion hearing before this Court on _____,] and the entire record herein, and for the reasons explained in the accompanying Memorandum Opinion issued on this date, the Court will grant preliminary approval to the Settlement contained in the parties' Settlement Agreement upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement. Accordingly, it is hereby **ORDERED** that:

1. Having made the findings set forth below, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Settlement Class is hereby defined for purposes of this action as:

> all consumers nationwide who purchased L'Oréal Products for personal, family or household use on or after August 30, 2008. The Settlement Class excludes (i) purchasers of L'Oréal Products for re-sale, stylists and salon owners; (ii) L'Oréal, its officers, directors and employees; and its affiliates and affiliates' officers, directors and employees; (iii) Plaintiffs' Counsel and their employees; and (iv) judicial officers and their immediate family members and associated court staff assigned to this action.

As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and this action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2. The Settlement Class is so numerous that joinder of all members is impracticable.

3. The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement, that:

  a. There are questions of law and fact common to the Settlement Class;

  b. The claims of Class Representatives are typical of the claims of the members of the Settlement Class;

  c. The Class Representatives and Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between the Class Representatives and members of the Settlement Class;

  d. Plaintiffs' claims challenge the L'Oréal Product labels, and the Complaint primarily seeks injunctive relief. Plaintiffs are asserting that L'Oréal has acted or refused to act on grounds that apply generally to the class. Final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

4. Accordingly, the Court hereby preliminarily certifies the Settlement Class, for settlement purposes only, pursuant to Fed. R. Civ. P. 23.

5. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Fairness Hearing provided for below.

6. The Court appoints Halunen & Associates and The Mehdi Firm as counsel for the Settlement Class ("Class Counsel").

7. Alexis Richardson, Nancie Ligon, Jay Sandler, Tracey Ann Bertrand, Lubna Peshimam, and Mollie Krengel are appointed as Class Representatives.

8. A hearing (the "Fairness Hearing") shall be held before this Court on Oct. 11, 2013 at 9:00 a.m., in Courtroom 30 of the United States Courthouse, Washington, D.C. to determine: (a) whether the Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Final Order and Judgment, as provided for in the Settlement Agreement, should be entered granting final approval of the Settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff incentive awards should be paid to the Class Counsel for distribution. The Court may adjourn and/or continue the Fairness Hearing without further notice to Class Members.

9. The Court approves as to form and content the notice provisions as set forth in the Settlement Agreement.

10. L'Oréal has complied with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed Settlement.

11. As soon as is possible and in any event within 14 days after entry of this Order, L'Oréal will submit the insertion order for the Summary Notice to be published in the legal notices section of USA Today. Notice shall be issued consistent with the provisions set forth in the Settlement Agreement.

12. The Court finds that compliance with the notice provisions set forth in the Settlement Agreement is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

13. Prior to the Fairness Hearing, the Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to the completion of notice.

14. To object to the Settlement, the motion for final approval, the motion for attorneys' fees, costs, and expenses, or for an incentive award, a Settlement Class Member must timely file a written statement of objection ("Objection") with the Court. The Objection must set forth:

   a. title of the action [Richardson, et al., v. L'Oréal USA, Inc.];

   b. the objector's full name, address, and telephone number;

   c. all reasons for the Objection;

   d. the names of all attorneys representing the objector, if any;

   e. the names of all attorneys representing the objector who will appear at the Fairness Hearing;

   f. a list of all people the objector will call to testify at the Fairness Hearing, if any;

   g. a statement stating whether the objector will appear and/or testify at the Fairness Hearing; and

   h. the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations).

15. To be timely, the Objection in appropriate form must be filed with the Clerk of the United States District Court for the District of Columbia, ~~twenty-one (21) days prior to the date of the Fairness Hearing~~ by not later than September 11, 2013 ("Objection Deadline"), and also served on (i) Class Counsel: Clayton Halunen, Halunen & Associates, 80 South Eighth Street, Minneapolis, Minnesota 55402; and (ii) L'Oréal USA, Inc.'s Counsel: Frederick B. Warder III, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036. The Objection must

5

be postmarked no later than Objection Deadline, or the Objection will not be valid and will not be considered by the Court.

16. All discovery and pretrial proceedings in this litigation, other than the disclosures provided for in the Settlement Agreement, are stayed and suspended until further order of the Court.

17. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claims, or of any wrongdoing or liability of L'Oréal; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of L'Oréal, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal

18. In the event the Court does not grant final approval of the Settlement Agreement or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, the Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Party or litigant. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

19. The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

a. ~~Within 14 days after entry of this Order~~, By not later than July 11, 2013, L'Oréal will submit the insertion order for the Summary Notice to be published in the legal notices section of USA Today for one week in the Monday-Thursday edition at a size of 1/8 page.

b. Representative Plaintiffs shall file their Motion for Final Approval, Motion for Attorneys' Fees, Costs and Expenses, and Motion for Incentive Award by no later than Aug. 21, 2013.

c. Settlement Class Members must file any objections to the Settlement, the motion for final approval, the motion for attorneys' fees, costs and expenses and/or the motion for incentive award by no later than Sept. 11, 2013.

d. Reply briefs may be filed in response to any objections by no later than Oct. 2, 2013.

e. The Fairness Hearing will take place on Oct. 11, 2013 at 9:00 a.m. at the United States District Court for the District of Columbia, in Courtroom 30.

**SO ORDERED**

DATED: June 27, 2013

_____
Honorable John D. Bates, U.S.D.J.