**ORIGINAL**
Leave to file GRANTED

John D. Bates
United States District Judge

September 10, 2013

*Via USPS First Class Mail*
Clerk of the Court, Angela D. Caesar
United States District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001

JDB

Re: *Richardson et al. v. L'Oreal USA, Inc.*, Case No. 13-CV-508, U.S. District Court for the District of Columbia

Dear Clerk of Court:

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit. The proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

I am a L'Oreal customer in the United States who has purchased L'Oreal Products for personal in-home use on or after August 30, 2008, therefore I am a member of the class.

My name is Gabi Canales Morgan. My address is 4701 Ayers, Suite 105, Corpus Christi, Texas 78415, 361-887-4700.

I additionally object on the following grounds:

Objection is made to the overall unfairness of this settlement. The class receives no benefit at all. The only benefit to be had in this settlement is the fees the attorneys will receive, totaling as much as $950,000, which makes these fees excessive. There is no fund from which to pay class members. The "relief" offered by Defendant is that it will remove its allegedly false statements from its product packaging and from its advertising. While this may be a benefit to future consumers, this is of absolutely no benefit to the already injured class. A class action is intended to convey a benefit to an injured class and, if there is no benefit to the class, then the settlement cannot be found to be fair, reasonable and adequate.

Objection is made based on the proposed award of attorneys' fees, which is excessive under both a lodestar and a percentage of recovery methodologies. Additional objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time for objectors to evaluate the fee and expense application.


RECEIVED
Mail Room
SEP 16 2013
Angela D. Caesar, Clerk of Court
District Court, District of Columbia

Specific objection is made that the proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

Objection is made to the overly broad release, specifically but not limited to the "known and unknown" claims "of any nature whatsoever" and "relating to any of the acts" related to the false labeling.

I further object to lack of available information, specifically that the L'Oreal website (www.lorealsettlement.com) is no longer functional.

I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23.

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

I will not attend the fairness hearing.

I am mailing my objections, as indicated above and below, to the court and to the attorneys identified in the notice as required recipients.

Sincerely,

Gabi Canales Morgan

cc:
*Via USPS First Class Mail*

Clayton Halunen
Halunen & Associates
80 South Eighth Street
Minneapolis, MN 55402

Frederick B. Warder, III
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

2